IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ROBLEDO,<br><br>    Petitioner,<br><br>  vs.<br><br>A. P. KANE, Warden, et al.,<br><br>    Respondents. | No. C 04-4722 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## DISCUSSION

**A.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

2

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.  ISSUES PRESENTED**

Petitioner pled guilty to second degree murder in 1988. He received a sentence of fifteen years to life in prison. In 2002 he was denied parole for the second time; it is that parole decision he challenges here. He alleges that he has exhausted these claims by way of state habeas petitions.

As grounds for federal habeas relief, petitioner contends that: (1) there was no evidence that he constitutes a current threat to public safety; (2) his due process rights were denied when the Board denied parole for the second time based on the circumstances of his crime; and (3) his due process rights were violated by the Board's failure to set a "uniform" date for his release.

Respondent disputes these contentions and also contends that California prisoners have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.  LIBERTY INTEREST**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979), the Supreme Court found that the inmates had a liberty interest in discretionary parole that was protected by the Due Process Clause. The right was created by the "expectancy of release provided in [the Nebraska parole statute.]" That statute provided that the parole board "shall order" release of eligible inmates unless that release would have certain negative impacts. *Id.* at 11–12. The Supreme Court returned to the issue in *Board of Pardons v. Allen*, 482 U.S. 369 (1987). There it held that a similar liberty interest was created even though the parole board

3

1　had great discretion. *Id.* at 381. For parole decisions, this mode of analysis survived the

2　Supreme Court's later rejection of it for prison disciplinary decisions in *Sandin v. Conner*, 515

3　U.S. 472 (1995). *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect

4　the creation of liberty interests in parole under *Greenholtz* and *Allen*.").

5　　　　While there is "no constitutional or inherent right of a convicted person to be

6　conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of*

7　*Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it

8　uses mandatory language, may create a presumption that parole release will be granted when or

9　unless certain designated findings are made, and thereby give rise to a constitutionally protected

10　liberty interest, *see Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987) (Montana parole

11　statute providing that board "shall" release prisoner, subject to certain restrictions, creates due

12　process liberty interest in release on parole); *Greenholtz*, 442 U.S. at 11-12 (Nebraska parole

13　statute providing that board "shall" release prisoner, subject to certain restrictions, creates due

14　process liberty interest in release on parole). In such a case, a prisoner has liberty interest in

15　parole that cannot be denied without adequate procedural due process protections. *See Allen*,

16　482 U.S. at 373-81; *Greenholtz*, 442 U.S. at 11-16.

17　　　　Respondent contends that California law does not create a liberty interest in parole. But

18　California's parole scheme uses mandatory language and is similar to the schemes in *Allen* and

19　*Greenholtz* which the Supreme Court held gave rise to a protected liberty interest in release on

20　parole. In California, the panel or board "shall set a release date unless it determines that the

21　gravity of the current convicted offense or offenses, or the timing and gravity of current or past

22　convicted offense or offenses, is such that consideration of the public safety requires a more

23　lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be

24　fixed at this meeting." Cal. Penal Code § 3041(b). Under the clearly established framework of

25　*Allen* and *Greenholtz*, "California's parole scheme gives rise to a cognizable liberty interest in

26　release on parole." *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). The scheme

27　requires that parole release be granted unless the statutorily defined determination (that

28　considerations of public safety forbid it) is made. *Ibid.*; *Biggs v. Terhune*, 334 F.3d 910, 915-16

4

(9th Cir. 2003) (finding initial refusal to set parole date for prisoner with fifteen-to-life sentence implicated prisoner's liberty interest). In sum, the structure of California's parole scheme -- with its mandatory language and substantive predicates – gives rise to a federally protected liberty interest in parole such that an inmate has a federal right to due process in parole proceedings.

Respondent's argument as to liberty interest is without merit.

### 2. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 3. MERITS

#### a. ISSUE ONE

Petitioner contends that there was "no" evidence to support a conclusion that he presents a current threat to public safety, the criterion for parole set out in Section 3041(b) of the California Penal Code. Because due process requires that there be at least "some evidence" to support the decision, as discussed above, the constitutional question is whether there was "some evidence."

///

1    Ascertaining whether the some evidence standard is met "does not require examination
2 of the entire record, independent assessment of the credibility of witnesses, or weighing of the
3 evidence. Instead, the relevant question is whether there is any evidence in the record that
4 could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*,
5 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so
6 devoid of evidence that the findings of the disciplinary board were without support or otherwise
7 arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

8    In this case the denial was not based just on the circumstances of the crime, though that
9 was one basis for the denial, but also on matters subsequent to the crime, such as petitioner's
10 failure to further his education, which had been advised by the Board previously, his
11 misconduct in prison, and an unfavorable psychological report (exh. 2, decision at 2-3). These
12 factors in themselves were some evidence. In addition, the circumstances of the crime were
13 that petitioner became drunk and shot his brother-in-law three times, killing him, despite the
14 victim's attempts to propitiate petitioner and avoid an argument (*id.* at 1-2; exh. 3 at 5-6
15 (psychological report); exh. 4 at 5-9 (probation officer's report). At the time of the hearing
16 petitioner had served fourteen years of a fifteen-to-life sentence. In view of the limited amount
17 of time served – given the crime and length of sentence – and the circumstances of the crime,
18 the circumstances of the crime were still sufficient to constitute some evidence at the time the
19 Board relied upon them.

20    **b.    ISSUE TWO**

21    Petitioner also contends that his due process rights were denied when the Board denied
22 parole for the second time based on the circumstances of his crime.

23    In recent series of cases the Ninth Circuit has discussed the question of when it violates
24 due process for parole to be denied on the basis of the circumstances of the offense for which
25 the prisoner is incarcerated. In *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003), the court
26 explained that "[t]he Parole Board's decision is one of 'equity' and requires a careful balancing
27 and assessment of the factors considered . . . A continued reliance in the future on an
28 unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs

6

contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Id.* at 916-917.  Although the *Biggs* court upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, the court cautioned that "[o]ver time, however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of his offense would raise serious questions involving his liberty interest." *Id.* at 916.  No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled.  This ambiguity was helpfully cleared up in *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Id.* at 853.  It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process.

It is this sort of claim that petitioner appears to be trying to present.  Even assuming that it can be grounds for habeas relief, however, the prerequisites are not met here.  Petitioner has not shown overwhelming evidence of rehabilitation, rather to the contrary, and his offense was not all that long ago, considering its seriousness.  This claim is without merit.

        **c.**    **Issue Three**

Petitioner's third issue is that his due process rights were violated by the Board's failure to set a "uniform" date for his release.  This claim is based on a belief that California law requires the setting of a uniform date for release, a belief which has now been rejected by the California Supreme Court in *In re Dannenberg*, 34 Cal. 4th 1061, 1082-83 (2005).  This claim probably always was merely a state law claim which cannot be the basis for federal habeas relief, but it is also without merit as a federal claim because  the predicate for it was rejected in *Dannenberg*.

7

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March   19   , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.04\ROBLEDO722.RUL.wpd